IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC V. MILLER, | ) | 8:11CV361 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of Eric Miller's ("Miller") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons explained below, Miller's Petition is dismissed.

## I. BACKGROUND

According to this court's records, Miller pled guilty to possession with intent to distribute cocaine base on October 20, 2006. (*United States v. Miller*, Case No. 8:06CR124 (D. Neb.), Filing No. 24.) On January 19, 2007, the court sentenced Miller to 188 months in prison. (Case No. 8:06CR124, Filing No. 29.) On March 2, 2009, Miller filed a Motion to Vacate Under 28 U.S.C. § 2255. (Case No. 8:06CR124, Filing No. 67.) The court denied Miller's Motion on May 5, 2010. (Case No. 8:06CR124, Filing No. 92.) Miller appealed, and the Eighth Circuit Court of Appeals denied Miller a certificate of appealability on September 30, 2010. (Case No. 8:06CR124, Filing No. 103.)

Miller is serving his sentence at the United States Penitentiary in Leavenworth, Kansas. (Filing No. 1 at CM/ECF p. 1.) He filed his Petition in this matter on October 17, 2011. Miller argues his sentence is unconstitutional because the sentencing court considered prior convictions for purposes of enhancing his sentence. (*Id.* at CM/ECF pp. 1-2.) Miller asks that his sentence be vacated, set aside, or corrected. (*Id.* at CM/ECF p. 2.)

## II. DISCUSSION

A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition in the jurisdiction of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Youngman v. United States*, 3:11-cv-03009, 2011 WL 2312092, *2-3 (D.S.D. June 10, 2011) (dismissing 28 U.S.C. § 2241 petition because it was an attack on the validity of a sentence that should have been made under 28 U.S.C. § 2255).

As set forth above, Miller argues that his sentence was unconstitutional because the sentencing court considered Miller's prior convictions for purposes of enhancing his sentence. (Filing No. 1 at CM/ECF pp. 1-2.) This claim attacks the legality of Miller's sentence and must be raised in a motion brought pursuant to 28 U.S.C. § 2255. However, even if the court were to construe Miller's Petition as a § 2255 motion, the court would have to deny it. As set forth above, Miller previously filed a § 2255 motion in this court and he does not argue that he has sought or received permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (stating that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals).

Miller may be able to challenge his sentence or conviction in a § 2241 petition if he can demonstrate that § 2255 is "inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Here, Miller does not argue that § 2255 is "inadequate or ineffective." Regardless, this court does not have jurisdiction over Miller's § 2241 petition because Miller is not incarcerated in this district. *See Nichols*,

553 F.3d 647, 649 (reiterating that a claim attacking the execution of a sentence should be brought in a § 2241 petition in the jurisdiction of incarceration); *see also* *Youngman*, 2011 WL 2312092 at * 2 (finding that, because federal inmate was incarcerated in Louisiana, the District of South Dakota did not have jurisdiction over his § 2241 petition). Thus, to the extent Miller seeks to attack the execution of his sentence or can demonstrate that § 2255 is "inadequate or ineffective," he must submit a § 2241 petition to the United States District Court in Kansas, where he is currently incarcerated.

In summary, this court does not have jurisdiction over Miller's § 2241 petition, and Miller has not received authorization to file a second or successive § 2255 motion. As such, Miller's Petition must be dismissed.

IT IS THEREFORE ORDERED that: Miller's Petition (Filing No. 1) is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 31st day of January, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.